UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lorenzo Nelson, | C/A No. 6:09-0567-JFA-WMC |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| NFN Kitchen, Captain; NFN Zimmerman, Solicitor, | |
| Respondents. | |

## *Background of this Case*

The petitioner is a pre-trial detainee at the Newberry County Detention Center in Newberry, South Carolina. He has named as respondents the Captain of the Newberry County Detention Center and the Solicitor for the Eighth Judicial Circuit of South Carolina. He has submitted a pleading on portions of the Section 2254 form (Form AO 241) to challenge his pre-trial detention.

The petitioner raises seven grounds in the affidavit portion of the petition. Specifically, the petitioner's grounds are: *(1)* the petitioner's excessive bail of $50,000 violates the Eighth Amendment; *(2)* the petitioner's pre-trial detention violates his presumption of innocence; *(3)* the petitioner's pre-trial detention has had a "negative impact" on the petitioner; *(4)* the petitioner is not a flight risk; *(5)* the petitioner has "roots" in the community; *(6)* the petitioner is incarcerated because he cannot afford "cash bail[;]" and *(7)* the petitioner's "pretrial detention constitutes punishment of the adjudication of [his] guilt." The petitioner discloses that he has been charged with distribution of crack cocaine (second offense) and distribution of crack cocaine within the proximity of a park.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).[3] When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

[3] The petitioner appears to have had difficulty collating the pleadings. It appears that the petitioner intended the signature page of the motion to proceed *in forma pauperis* (Entry No. 2) to be the signature page for the petition. To give liberal construction to the pleadings, the undersigned will not require the petitioner to submit a separate signature page to the petition.

assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to the two pending criminal charges, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998)(*citing Wainwright v. Sykes*, 433 U.S. 72 (1977)). Hence, pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). *Cf. Hamlin v. Warren*, 664 F.2d 29, 30-32 & n. * (4th Cir. 1981).

The criminal charges in question are pending in the Court of General Sessions for Newberry County. The Court of General Sessions for Newberry County is a court in the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a

unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169-170 (1898); *Taylor v. Taintor*, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[4] *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); and *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989). In *Cinema Blue of Charlotte, Inc. v. Gilchrist*, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding.  *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d at 52.  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.  *See also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*).  In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts:

---

[4]Although the Supreme Court of the United States has not overruled *Taylor v. Taintor*, an unrelated portion of the decision in *Taylor v. Taintor*, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas.  *See Green v. State*, 829 S.W.2d 222, 223, (Tex. Crim. App. 1992) ("However, *Taylor* is not the law in Texas."), *affirming Green v. State*, 785 S.W.2d 955 (Tex. App. Fort Worth 1990).

4

"Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

It is clear that the petitioner has not exhausted his state remedies because there is no indication in the petitioner's answers to the "state proceedings" questions of the Section 2254 form that the petitioner or his attorney has filed an appeal relating to the amount of the bond. In any event, the judgment in the petitioner's criminal case will not become final until he is convicted and sentenced. If the petitioner is convicted and sentenced in his pending criminal case, he or she has the remedy of filing a direct appeal. *State v. Northcutt*, 372 S.C. 207, 641 S.E.2d 873 (2007). If his direct appeal is unsuccessful, the petitioner can file an application for post-conviction relief. *See* S.C. Code Ann. § 17-27-10, *et seq.* Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an "appeal" (petition for writ of *certiorari*) in that post-conviction case. *See* S.C. Code Ann. § 17-27-100;[5] and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).[6]

---

[5]The Supreme Court of South Carolina has authorized the South Carolina Court of Appeals to hear petitions for *certiorari* in post-conviction cases upon referral from the Supreme Court of South Carolina. *See* Supreme Court Order 2005-08 (C.O. 08 effective May 1, 2005), Shearouse Advance Sheet # 19; and *Dunlap v. State*, 371 S.C. 585, 641 S.E.2d 431 (2007) ("In appeals from criminal convictions **or post-conviction relief matters**, a litigant is not required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.")(emphasis in original).

[6]In fact, South Carolina prisoners have been successful on such appeals in their post-conviction cases. *See, e.g., Davie v. State*, Opinion No. 26608, ___ S.C. ___, ___ S.E.2d ___, 2009 S.C. LEXIS ___, 2009 WL ___ (S.C., March 9, 2009) (ineffectiveness from failure to communicate proposed plea deal: "Based on the foregoing, we find that counsel was deficient in failing to communicate the State's fifteen-year plea offer to Petitioner. Given that both Petitioner and plea counsel testified Petitioner would have accepted the fifteen-year offer, an offer that was twelve
(continued...)

It is well settled that a direct appeal is a viable state court remedy. *Castille v. Peoples*, 489 U.S. 346, 349-352 (1989). Secondly, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 (4th Cir. 1977).

Even assuming that the petitioner's excessive bail ground is cognizable under 28 U.S.C. § 2254, the fact that the petitioner is facing two serious drug charges, one of which is a "second offense" charge, makes it clear that a mere $50,000 bail is not excessive. *See Lau v. Adams*, 2009 U.S. Dist. LEXIS 13861, 2009 WL 453055 (C.D. Cal., Feb. 23, 2009) (§ 2254 case; holding that $1,000,000 bail for a then pre-trial detainee facing a murder charge was not excessive):

> Similarly, petitioner is not in custody as a result of the trial court's bail order, but rather as a result of the underlying

---

(...continued)
years less than what Petitioner received, we conclude Petitioner has proven that he was prejudiced by counsel's deficient performance."); *Holman v. State*, Opinion No. 26609, ___ S.C. ___, ___ S.E.2d. ___, 2009 S.C. LEXIS ___, 2009 WL ___ (S.C., March 9, 2009) ("We granted Holman's petition to review an order denying post-conviction relief (PCR) and now reverse, finding trial counsel deficient for failing to object to the introduction of wholly irrelevant and prejudicial evidence. Accordingly, we grant PCR relief in the form of a new trial."); *Lounds v. State*, 380 S.C. 454, 670 S.E.2d 646 (2008) (finding that trial counsel ineffective); *Robinson v. State,* 380 S.C. 201, 669 S.E.2d 588 (2008)*; Lomax v. State*, 379 S.C. 93, 665 S.E.2d 164 (2008); *Miller v. State*, 379 S.C. 108, 665 S.E.2d 596 (2008); *McKnight v. State*, 378 S.C. 33, 661 S.E.2d 354, 358-63 (2008); *Lowry v. State*, 376 S.C. 499, 510-11, 657 S.E.2d 760, 766 (2008) ("Because the unconstitutional jury instruction did not constitute harmless error in Petitioner's murder conviction, we find that there is a reasonable probability that, but for counsel's failure to object to the unconstitutional jury instruction, the outcome of the trial would have been different."); *Staggs v. State*, 372 S.C. 549, 643 S.E.2d 690 (2007) (post-conviction relief granted on grounds of trial counsel's actual conflict of interest from representing members of same family; new trial ordered); *Custodio v. State*, 373 S.C. 4, 644 S.E.2d 36 (2007) (post-conviction relief granted on issue of enforcement of plea agreement); *Morris v. State*, 371 S.C. 278, 639 S.E.2d 53 (2006) (on issue of ineffective assistance of counsel); *Riddle v. Ozmint*, 369 S.C. 39, 631 S.E.2d 70 (2006); *Stevens v. State*, 365 S.C. 309, 617 S.E.2d 366 (2005); and *Vaughn v. State*, 362 S.C. 163, 607 S.E.2d 72, 73-76 (2004).

>criminal conviction. *See Murphy v. Hunt*, 455 U.S. 478, 481-82, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (claim of entitlement to pre-trial bail rendered moot by fact of conviction). Further, petitioner has not demonstrated that his $1.5 million bail affected his conviction. *See White v. Wilson*, 399 F.2d 596, 598 (9th Cir.1968) (because petitioner "does not demonstrate in what way he was constitutionally prejudiced [by his bail amount], ... on the basis of the record there is no indication that [the bail amount] could have affected his conviction[ ]"). Finally, even assuming, *arguendo*, that the amount of petitioner's bail was a cognizable claim on habeas review, he has not demonstrated that his bail was excessive. In light of the seriousness of the charges against him and the risk of flight, the court cannot find that a $1 million bail amount, which was allegedly increased to $1.5 million after his sentencing, (see FAP at 39), was excessive. *See White*, 399 F.2d at 598 ("[I]n light of the seriousness of the offense petitioner was charged with and his prior record, this Court cannot say that the alleged bail ... was excessive. The mere fact that petitioner may not have been able to pay the bail does not make it excessive.").

*Lau v. Adams*, 2009 WL 453055, at *15.

Since the petitioner has not been convicted and, hence, has yet to exhaust at least four (4) viable state court remedies – a criminal trial, a direct appeal, an application for post-conviction relief, and an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional

requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondents to file a return*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

March 10, 2009  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).