IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lorenzo Nelson, | ) | C/A No.: 6:09-567-JFA-WMC |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| NFN Kitchen, Captain; NFN Zimmerman, Solicitor, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Lorenzo Nelson, is pretrial detainee at the Newberry County Detention Center. He initiated this action pursuant to 28 U.S.C. § 2254 challenging various issues related to his incarceration on his pending state criminal charges.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should abstain from acting herein and dismiss the petition without prejudice. The Magistrate Judge opines that because the petitioner is currently detained on state drug charges, that this court should not interfere with the petitioner's state criminal proceedings. Moreover, the petitioner has not exhausted his

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

state remedies. United States District Courts are not authorized to interfere with a state's pending criminal proceedings absent extraordinary circumstances which the petitioner has failed to allege. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on March 10, 2009. He did not file timely objections[2] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 27, 2009
Columbia, South Carolina

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).